ROGER K. LITMAN, 57634
Attorney at Law
Civic Center Square
2300 Tulare Street, Suite 230
Fresno, California  93721
Telephone:  (559) 237-6000

Attorney for Defendant, PAUL WHITMORE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO:  CRF-02-5301 OWW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **DECLARATION OF PAUL WHITMORE** |
| PAUL WHITMORE, | ) | |
| Defendant. | ) | |

Paul Whitmore declares:

1. I am one of the defendants in the instant action.  I have personal knowledge regarding all facts set forth in this declaration.  If called as a witness, I could competently testify to each such fact.

2. In 2004, when my case was pending trial in this court, I met on multiple occasions with my attorney, Roger K. Litman, to formulate strategy.

3. Our tactical decisions took into account both this case and my pending state criminal charges in the San Diego Superior Court.

4. Mr. Litman and I discussed the manner in which testimony in this case, statements or admissions that I might make in open court, or even my statements to the probation officer, might be used as evidence against me in the state court action.

5. Before I authorized Mr. Litman to enter into any negotiations on my

behalf, Mr. Litman and I discussed the significant benefits that accrue to me if I was able to negotiate a condition that would allow me to serve my sentence in this action in a federal prison rather than in the California State Prison. From my attorney, and from other inmates, I learned of substandard medical care provided to prisoners in the California State Prison. From these sources, I also learned that the housing, food, medical care and educational opportunities are far superior in federal prison than in state prison.

6. Based on my mother's health problems, I anticipated suffering one or more serious medical diseases in the first ten years after I was sentenced.

7. Based on the considerations set forth in the previous two paragraphs, initial service of my sentence in this case in a bureau of prisons facility was identified by me as one of the few valuable considerations that I might be able to obtain from the government in return for a plea.

8. Initial service of my sentence in this case in a federal prison was a significant motivating factor in my decision to resolve this case without a jury trial.

9. Mr. Litman shared with me representations made to him by Mr. Conklin on behalf of the government that the government could arrange for my sentence in this case to run concurrently with my sentence in the state action. Of paramount importance to me was negotiating a settlement that would result in initial service of the sentence in this case in a federal prison before I would be turned over to the state authorities, if I was still living, to serve any remaining sentence in the California state prison.

10. Initial service in federal prison was significant to me based on information available to me regarding far superior housing facilities, educational opportunities, availability of treatment, and vastly superior medical treatment in federal prison. Because of the significant probability that I would spend many years in prison, these factors were extremely important to me in my agreement to waive jury trial in this case.

11. If I had known that I was considered a primary state prisoner by the United States Bureau of Prisons and the California Department of Corrections, requiring that I first serve my state prison sentence before being turned over to the federal authorities, assuming I was still living, I would not have agreed to the waiver, but would have proceeded with a jury trial in this matter. This was because I had nothing to lose by going to trial.

12. I was arrested at my home by federal and state law enforcement officers. A male agent wearing a bulletproof vest with "ATF" prominently displayed, who identified himself as a custom's agent, told me that I was going to be arrested for my participation in an international conspiracy. Approximately two hours later, a female officer named Stephanie Guerra, who identified herself as an officer with "ICAC" told me that I was under arrest. When I questioned her regarding what "ICAC" stood for, she advised me it was Internet Crimes Against Children, a federal task force. Based on the information available to me, I believed that I was in federal custody even when I was in jail in San Diego County.

13. I was unaware of my classification, until Mr. Litman shared with me in late July of this year, the information that he had obtained from the marshal's service that I was determined by state and federal custodial officials to be in primary state custody.

14. I was not aware, at any time until late July of this year that a Writ of Habeas Corpus Ad Prosequendum was obtained by Mr. Conklin to remove me from custody at the jail in San Diego for transportation to Fresno for prosecution in this action.

15. When Mr. Litman advised me of the writ obtained by Mr. Conklin, I was shocked to learn that I was considered to be a state, rather than a federal prisoner.

16. I am willing to stand by my waiver of jury trial if the Department of Justice makes arrangements, consistent with our negotiations, for me to initially

1  serve the sentence imposed by this court in federal prison.
2      I declare the foregoing is true and correct subject to the penalty of perjury
3  under the laws of the United States.
4      Executed this 13th day of October, 2006 at Fresno, California.

6      /s/ Paul Whitmore
       PAUL WHITMORE