ROGER K. LITMAN, 57634
Attorney at Law
Civic Center Square
2300 Tulare Street, Suite 230
Fresno, California  93721
Telephone:  (559) 237-6000

Attorney for Defendant, PAUL WHITMORE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL WHITMORE,<br><br>  Defendant. | CASE NO:  CRF-02-5301 OWW<br><br>**SUPPLEMENTAL DECLARATION OF ROGER K. LITMAN** |

Roger K. Litman declares:

1. I am the attorney of record for defendant Paul Whitmore in the instant action.

2. I have personal knowledge regarding all facts set forth in this declaration.  If called as a witness, I could competently testify to each such fact.

3. The purpose of this declaration is to supplement my declaration of October 13, 2006 in support of the Motion to Withdraw Waiver of Jury Trial and Vacate Guilty Verdicts filed on behalf of Mr. Whitmore that date by adding certain additional facts that were inadvertently left out of my declaration of the 13th.

4. On March 9, 2004, I had a negotiating session with then Assistant United States Attorney Jonathan Conklin.  At that meeting, Mr. Conklin made specific representations to me regarding consideration that the government was willing to make in return for resolution of the charges against Mr. Whitmore.

1

1     5.    Shortly after the negotiating session, I prepared a memo to Mr. Whitmore's client file.  This memo is one of many memos to the file prepared in regard to my defense of Mr. Whitmore in this action.  These memos were either typed by me or dictated by me and typed by my legal secretary, Kimberly Ede.

    6.    The memo concerning the bargaining session of March 9, 2004, was prepared on March 9, 2004 in a manner consistent with the regular practice of my office.  This memo was kept in Mr. Whitmore's file in the course of my regularly conducted law practice.  The contents of the memo were prepared at a time that they were fresh in my memory and were truly, correctly and accurately recorded in the memo.

    7.    As documented in the Memorandum of Points and Authorities in Support of Motion to Continue Sentencing filed on August 29, 2006, I personally visited now Judge Conklin in his chambers, handed him the one page memo of March 9, 2004, observed him to read over the memo and confirmed with Judge Conklin that the contents of the memo accurately reflected our discussions at the negotiating session.

    8.    Consistent with my regular practice, I prepared another memo to Mr. Whitmore's file documenting my in person meeting in Judge Conklin's chambers on August 17, 2006  for the purpose of memorializing the judge's agreement with the accuracy of the contents of the memo of March 9, 2004.

    9.    On October 6, 2006, I met with Judge Conklin and Assistant United States Attorney David Gappa for the purpose of propounding some additional questions to Judge Conklin.  In particular, it was my intention to discover whether Judge Conklin remembered that he had secured Mr. Whitmore's presence via the Writ of Habeas Corpus of October 8, 2002 from the state authorities in San Diego when we were negotiating a resolution of Mr. Whitmore's case.

    10.    I wanted to know whether Judge Conklin was aware that Mr. Whitmore was a state prisoner borrowed from the authorities in San Diego for the

purpose of prosecution in this action, whether Mr. Conklin had even given consideration to Mr. Whitmore's custodial status when we were negotiating or whether he too mistakenly believed that Mr. Whitmore was a federal prisoner

11. During the course of this meeting, both Mr. Gappa and Judge Conklin expressed what I would characterize as skepticism regarding the foundation for the information provided by Susan Perry of the Marshal's Office. For this reason, I telephoned the Federal Bureau of Prisons on October 10, 2006. The employee who signed the letter to Ms. Perry concerning the assessment by the California Department of Corrections and the Federal Bureau of Prisons that Brooke Rowland was at all times a primary state prisoner borrowed by the authorities in Fresno, via a Writ of Habeas Corpus Ad Prosequendum, for the purpose of prosecuting him in the instant action, was not available. I left my contact information for her.

12. The morning of October 12, 2006, the employee returned my telephone call of October 10, 2006. I read over to her the letter concerning Mr. Rowland, explained that Mr. Whitmore's presence was secured in the same manner as Mr. Rowland's for prosecution in the instant action. To my satisfaction, I was able to confirm the accuracy of the information provided by Ms. Perry as set forth in my declaration of October 13, 2006, except for the information set forth in paragraph 18 of my declaration.

I declare the foregoing is true and correct subject to the penalty of perjury under the laws of the United States.

Executed this 16th day of October, 2006 at Fresno, California.

/s/ Roger K. Litman
ROGER K. LITMAN

3