JOHN F. GARLAND   #117554
Attorney at Law
1713 Tulare Street, Suite 221
Fresno, California 93721

Telephone: (559) 497-6132

Attorney for Defendant
PAUL GORDON WHITMORE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  1:02-CR-05301 OWW |
| | ) | |
| Plaintiff, | ) | SUPPLEMENTAL BRIEF IN SUPPORT OF |
| v. | ) | DEFENDANT'S MOTION TO WITHDRAW |
| | ) | WAIVER OF JURY TRIAL AND VACATE |
| | ) | GUILTY VERDICTS |
| PAUL GORDON WHITMORE, | ) | |
| | ) | Date:    September 29, 2008 |
| Defendant. | ) | Time:    3:00 p.m. |
| _____ | ) | Courtroom Three |
| | | Honorable Oliver W. Wanger |

## INTRODUCTION

On August 4, 2008 a status conference was held in the above captioned matter. At that

status conference the Court requested the parties file supplemental briefs addressing the contract

remedies relevant to defendant Paul Gordon Whitmore's motion to withdraw waiver of jury trial

and vacate guilty verdicts. The continued hearing on said motion is presently set before this

Court on September 29, 2008 at 3:00 p.m.

## SUPPLEMENTAL  AUTHORITIES

"Plea agreements are contractual in nature and are measured by contract law standards."

*United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002) In the instant case, Mr.

Whitmore's Waiver Of Jury Trial (Doc. No. 270), together with the additional waivers he entered

orally before the Court on April 14, 2003 and his court trial at which he submitted the case to the

Court for verdicts pursuant to said waivers without introducing any evidence or presenting any

1

1  argument (trial rights not waived by Mr. Whitmore)  were effectively a "slow plea," intended to

2  relieve the prosecution of the burdens of a lengthy jury trial. Furthermore, Mr. Whitmore's

3  waiver of jury trial was entered into in exchange for **sentencing recommendations** by the

4  government, which effectively resulted in a contract similar to a plea agreement. Thus, for the

5  purposes of legal analysis, Mr. Whitmore's waiver of jury trial should be measured by contract

6  law standards just as plea agreements are.

7      The factual and procedural history of the instant case is somewhat unique in that Mr.

8  Whitmore does not base his motion to withdraw his waiver of jury trial on a _breach_ or an

9  _anticipatory breach_ of the "agreement" by the government. Rather, Mr. Whitmore's motion is

10  based on a unilateral mistake of fact when he entered into the "agreement." The mistake of fact

11  on the part of Mr. Whitmore and his counsel was their belief that Mr. Whitmore was in **federal**

12  **custody** at all times while Mr. Litman represented Mr. Whitmore. [*See* Declaration of Roger K.

13  Litman and Declaration of Paul Whitmore  (Exhibits 1 and 2, respectively to Motion to

14  Withdraw Waiver of Jury Trial, etc., Doc. No. 577)] The true fact is that Mr. Whitmore has been

15  in  the custody of the State of California since the date of his arrest on or about January 27, 2002.

16      The Restatement (Second) of Contracts §151 defines mistake as "a belief that is not in

17  accord with the facts." Clearly Mr. Whitmore and his counsel's belief that he was in federal

18  custody when the "agreement" was entered into was not in accord with the fact that Mr.

19  Whitmore was in the custody of the State of California at all relevant times. Based on this

20  material mistake of fact, Mr. Whitmore contends the "agreement" (waiver of jury trial) is

21  voidable.

22      The Restatement (Second) of Contracts §153 provides:

23  Where a mistake of one party at the time a contract was made as to a basic
    assumption on which he made the contract has a material effect on the agreed
24  exchange of performances that is adverse to him, the contract is voidable by
    him if he does not bear the risk of the mistake under the rule stated in §154,
25  and

26      (a)  the effect of the mistake is such that enforcement of the contract
             would be unconscionable, or

27

28      (b)  the other party had reason to know of the mistake or his fault
             caused the mistake.

2

1    In the instant case, Mr. Whitmore's mistake clearly has a material effect on the agreed

2  exchange of performances that is adverse to him. As the Court is aware, in exchange for Mr.

3  Whitmore's waiver of right to jury trial (and additional extraordinary rights), the government

4  agreed to (1) recommend to the court that the sentence imposed in this case be ordered to run

5  concurrently with any state sentence imposed in the criminal action pending in San Diego County

6  Superior Court; and (2) recommend to the court that Mr. Whitmore be permitted to serve any

7  sentence imposed in this action **before** any sentence imposed in the defendant's criminal case

8  pending [in San Diego County]. (*See* Waiver of Jury Trial, p. 3, ln. 22 - p. 4, ln. 3) Although the

9  written Waiver does not indicate that the government's recommendation that Mr. Whitmore be

10  permitted to serve any sentence imposed in this action before any sentence imposed in the state

11  case be served in a **federal institution**, the transcript of the April 14, 2004 hearing clearly

12  indicates that was the understanding of the Court and the parties. (*See* RT 04/14/04  p. 45, ln. 8 -

13  p. 46, ln. 4)

14    In order for a party to have the power to avoid a contract for a mistake that he alone

15  made, the mistake must be (1) one as to a basic assumption on which the contract was made; (2)

16  it must have a material effect on the agreed exchange of performances; and (3) the mistaken party

17  must not bear the risk of the mistake. [Restatement (Second) of Contracts §153 Comment: *b.*] In

18  addition, the mistaken party must show that enforcement of the contract would be

19  unconscionable, or the other party had reason to know of the mistake or his fault caused the

20  mistake. [*Id.*]

21    In the instant case, had Mr. Whitmore known that he was in the custody of the State of

22  California rather than federal custody, he would not have entered into the agreement (waiver of

23  jury trial). As set forth in Paul Whitmore's Declaration (Exhibit 2 to Motion to Withdraw Waiver

24  of Jury Trial, etc.), Mr. Whitmore's primary motivation for entering the agreement was the

25  expectation that he would initially serve his sentence in a federal prison.  Furthermore, one of the

26  few valuable considerations the government could provide to Mr. Whitmore's in exchange for

27  his waiver of jury trial was its agreement to **recommend** to the court that Mr. Whitmore be

28  permitted to serve any sentence imposed in the instant case in a **federal institution before** any

3

sentence imposed in his pending state case. Again, had Mr. Whitmore known that he was in the custody of the State of California, he would known that the government's consideration was illusory (government *recommendation* to the Court requesting the Court *recommend* to the U.S. Bureau of Prisons that Mr. Whitmore serve his federal sentence before any state sentence in a federal facility). As set forth in the Status Conference Report and Declaration of John F. Garland, filed on April 21, 2008 (Doc. No. 629) counsel for Mr. Whitmore summarized the prior pleadings filed by the defendant and the government, the proceedings in this Court, and identified and summarized a memorandum dated May 9, 2001 entitled "Interaction of Federal and State Sentences When the Federal Defendant is Under State Primary Jurisdiction,"authored by Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons. Under the heading "Place of Incarceration" Mr. Sadowski states "When the state has primary jurisdiction over a defendant, the federal sentencing judge may not order the delivery of the defendant for service of sentence in a federal institution. This order is tantamount to a transfer of custody beyond the jurisdiction of the federal court."  Mr. Sadowski concludes his memorandum by identifying "several" [**three**] ways in which the Federal Bureau of Prisons may accept a prisoner in primary state custody: (1) under a contract pursuant to 18 U.S.C. §5003, the **state** authority could request transfer of the prisoner to the federal authorities with the understanding that the costs of incarceration are to be reimbursed to the United States; (2) the United States Attorney's Office may sponsor the placement of a state prisoner in the witness protection program under 18 U.S.C. §3521; and (3) the Federal Bureau of Prisons will accept a state defendant when the **state** authorities relinquish primary jurisdiction by parole, bail, dismissal, etc. Based upon review of the files and records in this case and research of relevant law, counsel reached the conclusion that it is legally impossible for this Court to accomplish the material purpose of Mr. Whitmore's waiver of jury trial, **to serve his federal sentence in a federal institution prior** to service of the state sentence imposed. Thus the mistake has a material effect on the agreed exchange of performance that is clearly adverse to Mr. Whitmore.

In addition, Mr. Whitmore did not bear the risk of the mistake when he entered into the agreement (waiver of jury trial).

The Restatement (Second) of Contracts §154 provides:

A party bears the risk of mistake when

    (a)  the risk is allocated to him by agreement of the parties, or

    (b)  he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or

    (c)  the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.

In the instant case, the waiver of jury trial does not allocate the risk to Mr. Whitmore. In addition, Mr. Whitmore was not aware, at the time the agreement was made, that he had only limited knowledge with respect to the facts to which the mistake relates. Furthermore, under the circumstances of this case, it would be unreasonable for the Court to allocate the risk to Mr. Whitmore.

Finally, enforcement of the agreement in this case would be unconscionable. Mr. Whitmore waived not only his right to a jury trial, he effectively waived all of his trial rights in exchange for a recommendation by the government for consideration that was illusory. Had the facts been that Mr. Whitmore was in federal custody at the time he entered into the agreement (waiver of jury trial), the Court could have followed the government's recommendation that he serve his federal sentence in a federal prison prior to service of any state sentence imposed. However, because Mr. Whitmore was in fact in the custody of the State of California at the time he entered into the agreement, the Court has no legal authority to order that he serve his federal sentence in a federal institution prior to service of any state sentence imposed. Accordingly it would be unconscionable to enforce the agreement by denying Mr. Whitmore's request to avoid the agreement and withdraw his waiver of jury trial.

///

///

///

///

///

1

## <u>CONCLUSION</u>

2       For the reasons set forth above, Mr. Whitmore's motion to withdraw waiver of jury trial

3   and vacate guilty verdicts should be granted.

4

5   Dated:   September 4, 2008               Respectfully submitted,

6                            /s/  John F. Garland

7                            John  F.  Garland
                       Attorney for defendant

8                    PAUL GORDON WHITMORE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28