JOHN F. GARLAND   #117554
Attorney at Law
1713 Tulare Street, Suite 221
Fresno, California 93721

Telephone: (559) 497-6132

Attorney for Defendant
PAUL GORDON WHITMORE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>PAUL GORDON WHITMORE,<br><br>   Defendant. | Case No. 1:02-CR-05301 OWW<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW WAIVER OF JURY TRIAL AND VACATE GUILTY VERDICTS BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL<br><br>Date:   October 14, 2008<br>Time:   11:30 a.m.<br>Courtroom Three<br>Honorable Oliver W. Wanger |

### INTRODUCTION

On September 29, 2008 a further hearing was held in the above captioned matter on defendant Paul Gordon Whitmore's motion to withdraw waiver of jury trial and vacate guilty verdicts. At the request of the Court, Roger K. Litman, Esq., Mr. Whitmore's former counsel testified regarding his acts, inquiries, investigation and preparation leading up to his negotiation of the terms of the waiver of jury trial which Mr. Whitmore entered into with the United States Attorney's Office on April 14, 2004. Mr. Litman's testimony consisted primarily of answering questions posed by the Court. Mr. Litman testified that he did not review the case docket sheet, make any inquiries of the United States Marshal's Office, nor conduct any independent investigation relating to Mr. Whitmore's custody status (primary state custody or primary federal custody) from the date on which he was appointed to represent Mr. Whitmore (October 22, 2002)

until late July 2006, because at all times he believed Mr. Whitmore was in federal custody.[1] Mr. Litman testified that he first learned that Mr. Whitmore was in primary state custody in late July 2006, when he was attempting to obtain the proper language to present to the Court to use at Mr. Whitmore's sentencing hearing to ensure that Mr. Whitmore would serve his federal sentence first in a federal facility, prior to serving his state sentence. Mr. Litman further testified that he was not aware of the U.S. Bureau of Prison's policies regarding "primary state custody" and "primary federal custody" and that he did not research the policies of the BOP prior to negotiating the waiver of jury trial with the U.S. Attorney's Office.

Counsel's notes indicate that with regard to the negotiation and preparation of the waiver of jury trial, the Court stated it was incumbent on Mr. Litman to ensure that Mr. Whitmore was in federal custody; Mr. Litman was required to determine if the bargained for sentence was possible; and a lawyer must review and analyze both federal and state custody and sentencing issues and research both state and federal laws relating thereto.

Counsel recalls that after Mr. Litman testified the Court found that Mr. Litman's representation was ineffective (deficient) with regard to the defendant's waiver of jury trial and the issue remaining to be determined was whether Mr. Whitmore was prejudiced by the deficient performance.[2]

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The test for demonstrating ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). First, the defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. The defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. The court must then determine

---

[1] No transcripts of the September 29, 2008 hearing are available due to the limited time counsel was provided to submit the defendant's supplemental brief. The contents of Mr. Litman's testimony and the statements, findings and rulings of the Court are based on counsel's notes and memory.

[2] Counsel for the government does not agree the Court made a finding of ineffective assistance of counsel at the September 29, 2008 hearing.

whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. *Id.* at 690.

Second, the defendant must affirmatively prove prejudice. *Id.* at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

In the instant case, Mr. Whitmore contends that Mr. Litman's failure to review the case docket sheet, failure to make inquiries of the U.S. Marshal's Office and failure to conduct any investigation to determine and ensure that Mr. Whitmore was in primary federal custody prior to advising Mr. Whitmore to enter into the Waiver Of Jury Trial (Doc. No. 270) and advising Mr. Whitmore to agree to the additional waivers Mr. Whitmore entered orally before the Court on April 14, 2004, constituted deficient performance ("errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687). The seriousness of these omissions is supported by Mr. Litman's testimony on September 29, 2008 that Mr. Whitmore's primary purpose in entering into the waiver of jury trial was to serve his federal sentence **first** in a **federal facility**, prior to serving his state sentence. In light of all the circumstances present in this case, the Court should find that Mr. Litman's omissions were "outside the wide range of professionally competent assistance." *Strickland* at 690.

The second part of the *Strickland* test requires the defendant to affirmatively prove prejudice. The "prejudice" component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." (citations omitted) "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838 (1993). Stated affirmatively, the above quote would be *unreliability or unfairness* **does result** if the ineffectiveness of counsel **does deprive** the defendant of *any substantive or procedural right to which the law entitles him*.

As the Court is aware, Mr. Whitmore's "waiver of jury trial" was much more than the title of that document suggests. In addition to waiving his right to a jury trial, Mr. Whitmore

3

waived his rights (1) to object to the admissibility of evidence offered by the government; (2) to confront and cross-examine witnesses against him; and (3) to appeal his conviction by direct appeal or in any collateral proceeding. In addition, at Mr. Whitmore's court trial, Mr. Litman submitted the case to the Court for verdicts pursuant to the extraordinary waivers set forth above without introducing any evidence or presenting any argument (trial rights not waived by Mr. Whitmore). Clearly Mr. Whitmore was deprived of substantive and procedural rights to which he was entitled by the laws and Constitution of the United States due to Mr. Litman's deficient performance in advising Mr. Whitmore to waive his right to a jury trial as well as the trial rights and appeal rights identified above.  Mr. Whitmore's waivers were not knowingly and voluntarily made as they were based on incorrect advise from Mr. Litman. Thus, Mr. Whitmore was in fact **prejudiced** by Mr. Litman's ineffectiveness.

## CONCLUSION

For the reasons set forth above, Mr. Whitmore has demonstrated that his counsel's performance was outside the wide range of professional competent assistance and he was in fact prejudiced as a result. Accordingly, Mr. Whitmore's motion to withdraw waiver of jury trial and vacate guilty verdicts should be granted.

Dated:  October 10, 2008                      Respectfully submitted,

                                       /s/  John F. Garland
                                        John  F.  Garland
                                       Attorney for defendant
                                    PAUL GORDON WHITMORE